**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**CIVIL NO. 1:15-cv-1980**

**DARELL DAVIS, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**SANJEL (USA) INC.,**

**Defendant.**

**JURY TRIAL DEMANDED**

---

**PLAINTIFF'S ORIGINAL COMPLAINT, COLLECTIVE ACTION, CLASS ACTION & JURY DEMAND**

---

1. Plaintiff Darell Davis ("Plaintiff"), individually and on behalf of all other "similarly situated" employees of Defendant Sanjel (USA) Inc. ("Defendant"), files this lawsuit to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq*, and Title 34 of the North Dakota Century Code.

**NATURE OF THE CASE**

2. This case is an action to recover overtime wages brought under the FLSA and Title 34 of the North Dakota Century Code.

3. The Plaintiff and Collective Action Members (hereinafter the "FLSA Class Members") worked for Defendant as a Chemical Van Operator in Defendant's oil and gas operations throughout the United States.

4. The Plaintiff and the Putative Class Action Participants (hereinafter the "North Dakota Class Members") worked for Defendant as Chemical Van Operators in Defendant's oil and gas operations in North Dakota.

5. Defendant failed to pay Plaintiff, FLSA Class Members, and North Dakota Class Members proper overtime. With respect to Plaintiff and the FLSA Class Members, Defendant failed to properly calculate overtime within the strictures of the FLSA. With respect to the Plaintiff and the North Dakota Class Members, Defendant failed to properly calculate overtime under Title 34 of the North Dakota Century Code and its implementing regulations.

6. In particular, Defendant violates the FLSA by: (a) failing to include bonuses and other remuneration paid to the Plaintiff and the FLSA Class Members in the calculation of the regular rate for the purposes of determining overtime; and (b) paying the Plaintiff and the FLSA Class Members overtime at rates less than what the law requires;

7. Defendant violates North Dakota state law by failing to include bonuses and other remuneration paid to the North Dakota Class Members in the calculation of the regular rates of pay for the purposes of determining overtime.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and

because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive, namely, the failure of Defendant to correctly pay overtime.

10. Venue is proper in the District of Colorado because the Defendant's principal place of business is located in this district, and as such, it is subject to this Court's personal jurisdiction.

## PARTIES

11. Plaintiff Darell Davis is an individual currently residing in Arapahoe County, Colorado. Plaintiff Elliott's written consent form to this action is attached hereto as Exhibit "A".

12. The FLSA Class Members are Defendant's current and former Chemical Van Operators, and all employees performing substantially similar duties throughout the country.

13. The North Dakota Class Members are Defendant's current and former Chemical Van Operators, and all employees performing substantially similar duties in North Dakota.

14. Defendant Sanjel (USA) Inc. is a foreign corporation incorporated under the laws of Montana and headquartered in Denver, Colorado. Defendant may be served process through its registered agent Corporation Service Company, 1560 Broadway, Suite 2090, Denver, CO 80202.

## FLSA COVERAGE

15. At all times material to this lawsuit, Defendant was an "employer" as that term is understood under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that it had the power to hire and fire Plaintiff, the FLSA Class Members, and the North Dakota Class Members, dictate their work schedules, control their employment conditions, and determine the rate and method of their payment.

because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive, namely, the failure of Defendant to correctly pay overtime.

10. Venue is proper in the District of Colorado because the Defendant's principal place of business is located in this district, and as such, it is subject to this Court's personal jurisdiction.

## PARTIES

11. Plaintiff Darell Davis is an individual currently residing in Arapahoe County, Colorado. Plaintiff Elliott's written consent form to this action is attached hereto as Exhibit "A".

12. The FLSA Class Members are Defendant's current and former Chemical Van Operators, and all employees performing substantially similar duties throughout the country.

13. The North Dakota Class Members are Defendant's current and former Chemical Van Operators, and all employees performing substantially similar duties in North Dakota.

14. Defendant Sanjel (USA) Inc. is a foreign corporation incorporated under the laws of Montana and headquartered in Denver, Colorado. Defendant may be served process through its registered agent Corporation Service Company, 1560 Broadway, Suite 2090, Denver, CO 80202.

## FLSA COVERAGE

15. At all times material to this lawsuit, Defendant was an "employer" as that term is understood under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that it had the power to hire and fire Plaintiff, the FLSA Class Members, and the North Dakota Class Members, dictate their work schedules, control their employment conditions, and determine the rate and method of their payment.

16. At all times material to this lawsuit, Defendant was an "enterprise" as that term is understood under Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times material to this lawsuit, Defendant was an enterprise engaged in commerce as that concept is understood under Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant had or continues to have employees, including Plaintiff, the FLSA Class Members, and the North Dakota Class Members, engaged in commerce or the handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce.

18. During the time period material to this lawsuit, Plaintiff, the FLSA Class Members, and the North Dakota Class Members provided services for Defendant that touched upon and affected interstate commerce. In performing such operations, Plaintiff, the FLSA Class Members, and the North Dakota Class Members were engaged in commerce or in the production of goods for commerce, within the meaning of sections 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA.

19. Furthermore, Defendant has an annual gross business volume of not less than $500,000.00.

## FACTS

20. Plaintiff, the FLSA Class Members, and the North Dakota Class Members worked for Defendant as a Chemical Van Operator.

21. Plaintiff worked for Defendant from 2011 until May of 2014. As a Chemical Van Operator, his duties were to transfer chemicals at Defendant's well sites as directed by Defendant.

22. Plaintiff worked in excess of 8 hours per day, and well over 40 hours per week. A Chemical Van Operator typically works a 12 hour shift at the well site, 7 days a week for a total workweek of 84 hours.

23. During the relevant period, Defendant paid Plaintiff, the FLSA Class Members, and the North Dakota Class Members various bonuses in addition to their regular pay rate.

24. In particular, Defendant paid a bonus known as the "Job Bonus." The Job Bonus is a nondiscretionary bonus awarded based on the amount of daily fracking.

25. The amount of the bonuses that Plaintiffs, the FLSA Class Members, and the North Dakota Class Members received varied from week to week.

26. The bonuses paid to the Plaintiffs, the FLSA Class Members, and the North Dakota Class Members were not factored into their regular rates for purposes of determining overtime pay.

27. Consequently, they were paid at rates lower than what the law requires.

28. 29 C.F.R. § 778.209(a) provides that "[w]here a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation."

29. Defendant failed to include the Job Bonuses in Plaintiff's regular hourly rate of pay and overtime compensation.

30. The factual statements above apply equally to Plaintiff and the FLSA Class Members and the North Dakota Class Members.

31. None of the exemptions contained in the FLSA or its implementing regulations permit Defendant to skirt their obligation to pay overtime to Plaintiff, the FLSA Class Members, and the North Dakota Class Members.

32. The same conduct outlined above also violates North Dakota state law codified in the North Dakota Administrative Code § 46-02-07. Like its federal counterpart, North Dakota state law mandates overtime compensation must be paid at one and one-half times the employee's regular rate.

33. By failing to include the bonuses in the overtime calculation, Defendant violated North Dakota state law. N.D. Admin. Code § 46-02-07-02(15).

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff has actual knowledge that the FLSA Class Members have been denied full overtime pay for hours worked over forty hours per workweek.

35. Other employees similarly situated to the Plaintiff work for Defendant in a similar capacity, but are not paid full overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

36. The FLSA Class Members perform or have performed the same or similar work as the Plaintiff. Like the Plaintiff, the FLSA Class Members work as Chemical Van Operators and are paid in the same fashion as Plaintiff.

37. FLSA Class Members are not exempt from receiving overtime under the FLSA.

38. As such, FLSA Class Members are similar to the Plaintiff in terms of job duties, pay structure, and the denial of overtime pay.

39. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members on an individual basis.

40. The experiences of the Plaintiff, with respect to their pay, are typical of the experiences of the FLSA Class Members.

41. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

42. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation.

43. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

44. As such, the class of similarly situated Plaintiff is properly defined as follows:

> **All Chemical Van Operators, and all other employees in substantially similar positions employed by Defendant during the three year period prior to the commencement of this lawsuit to the present.**

### PLAINTIFF'S AND CLASS MEMBERS' FLSA OVERTIME WAGE CLAIM

45. Plaintiff and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

46. Defendant's practice of failing to pay Plaintiff and FLSA Class Members overtime at a rate not less than one and one-half times their regular rate for all hours over forty violates the FLSA. *See* 29 U.S.C. § 207.

47. Defendant failed to pay Plaintiff and FLSA Class Members the legally mandated overtime rate of time and one-half for the hours worked over 40 in a workweek.

48. Defendant has not made a good faith effort to comply with the FLSA.

49. Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct did

not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## RULE 23 CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action on his own behalf and as a representative party, pursuant to Fed. R. Civ. P. 23(b). Plaintiff seeks class certification of the North Dakota state law claims with a class definition as follows:

> **All Chemical Van Operators, and all other employees in substantially similar positions employed by Defendant in North Dakota during the two year period prior to the commencement of this lawsuit to the present.**

51. Defendant's policy of failing to pay the amount of overtime dictated by North Dakota state law affects members of the North Dakota Class in a substantially similar manner. Plaintiff and the North Dakota Class Members have claims based on the same legal and remedial theories. Plaintiff and the North Dakota Class Members have claims based on the same facts. Therefore, Plaintiff's claims are typical of the North Dakota Class Members' claims.

52. Although Plaintiff does not know the precise number of the members of the proposed class, there are hundreds of members. The identity of the members of the class is readily discernible from Defendant's records.

53. There are questions of law and fact that are common to all members of the proposed class and those questions predominate over any question affecting only individual members of the class.

54. Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed class.

55. The Class Action is a superior form to resolve the North Dakota state law claims because of the common nucleus of operative fact centered on the continued failure of Defendant to pay Chemical Van Operators according to the provisions of North Dakota state law.

56. In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. A class action will also thwart unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies.

### PLAINTIFF'S AND NORTH DAKOTA CLASS MEMBERS' STATE LAW OVERTIME CLAIM
**(Class Action)**

57. Plaintiff and North Dakota Class Members incorporate all allegations contained in the foregoing paragraphs.

58. Defendant's practice of failing to pay overtime at one and one half times Plaintiff's and the North Dakota Class Members' regular rates violates the Title 34 of the North Dakota Century Code and its implementing regulations.

59. Specifically, N.D. Admin. Code § 46-02-07-02(15) provides that non-discretionary bonuses must be included in the regular rate calculation. By failing to do so, Defendant paid the North Dakota Class Members an artificially deflated amount of overtime.

### WAGE DAMAGES SOUGHT

60. Plaintiff, the FLSA Class Members, and the North Dakota Class Members are entitled to recover their unpaid overtime compensation.

61. Plaintiff and North Dakota Class Members are entitled to recover interest and treble damages under Title 34 of the North Dakota Century Code. N.D. Cent. Code § 34-14-09.1.

62. Plaintiff and FLSA Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 USC § 216(b).

63. Plaintiff, the FLSA Class Members, and the North Dakota Class Members are entitled to recover attorney's fees and costs.

## **PRAYER**

64. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. A judgment against Defendant awarding Plaintiff, FLSA Class Members, and North Dakota Class Member all their unpaid overtime compensation;

   b. Interest and treble damages as allowed under Title 34 of the North Dakota Century Code.

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs and expenses of this action; and

   e. Such other relief to which Plaintiff, the FLSA Class Members, and the North Dakota Class Members may be entitled, at law or in equity.

Respectfully submitted,

By:   /s/ Galvin B. Kennedy
Galvin B. Kennedy
Gkennedy@kennedyhodges.com
Texas State Bar No. 00796870
Admitted before U.S. District Court of Colorado
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:

Udyogi A. Hangawatte
Texas Bar No. 24094698
uhangawatte@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2015 a copy of this document was served on all parties of record via the Court's electronic case filing system, which will send a notice of electronic filing to all counsel of record.

/s/ Galvin B. Kennedy
Galvin B. Kennedy